Lewis Dell for the appellants. So let's see. This is Mr. Dell. Is that correct? Yes. I said it's a good one. I may please the court. This is Lewis Dell for the appellants. Your Honor, I've reviewed the briefs of both sides. Appellants are willing to submit on the briefs subject to a rebuttal argument if there's any argument made by my opposing counsel, unless there's any questions or things that the court would like to do. I do have a question. Let's just assume, arguendo, that there is no Ricker-Feldman problem, but we also conclude that none of the parties has standing. What do we do? Well, that leaves two options. The case can't be heard in federal court. That's one option. Or this court can remand if the court feels that the complaint can be amended to allege standing. Let me make this a little clearer. The reason why there may not be any Ricker-Feldman issue is that the October memorandum of cost was simply not considered by the parties, but in terms of Ricker-Feldman. So they couldn't have relied on that. But there didn't seem to be any argument about why people were injured as a result of that memorandum of cost on which there was no execution. What's your argument about that? What's your thought about that? Okay. I'm going to address that directly, but before I get to that, I think that it's important to know the procedural history that got us to this point. And it is that these cross motions for summary judgment, appellants was the partial motion for summary judgment. With the appellants motion for partial summary judgment, we just addressed the issue of liability only, not in the record before the court regarding damages because it wasn't at issue since this was a partial motion for summary judgment. With respect to the appellees or the defendants in this case, they argued the Ricker-Feldman doctrine. And so that was a subject matter jurisdiction issue. And the issue of damages was not relevant regarding that issue. And so now here we are on appeal, and we're talking about Article III injury, in fact. And all we can do is look at it as if this were a 12B6 motion to dismiss. And so then the question would become whether the complaint alleges plausible facts of a concrete injury. Now, directly to address your point, or your question, is I'm referring to the supplemental brief which talks about how the complaint and the allegations in there regarding injury rise to the level of an Article III injury. And let's remember that Article III, we look at the kind of injury and not the degree of injury. And in paragraph 34 and some of the other paragraphs, we talk about classic types of injury that arise out of debt collection activity. And those are alleged in the complaint. Abusive process, classic in this case, which is the service of a cost memorandum, which is, and as I argued in the supplemental briefs, is even worse or even stronger threat than a text or a debt collection letter or a phone call because it's on under the aegis of the court in that it's on a judicial counsel form. And it says, or it tells in so many words to the debtor or the consumer that you are going to have your bank account raided again unless you take action. And the classic types of damages in abusive process are the abusive process itself, which creates emotional distress that was alleged in the complaint. The issue of... Can you point to where in the complaint emotional distress was alleged and whether it was for all of the plaintiffs? Yes, it was paragraph 34. And with respect to the questions in the cases often came down to... Can I pause? So we're at the summary judgment stage now, and I understand your argument that they didn't contest standing or damages, but I think it's still plaintiff's burden to prove their case. So was there evidence that lines up with paragraph 34's allegation that was submitted to say we alleged in the complaint that we actually had these feelings of embarrassment and humiliation, and here's our declaration saying we really did? No, because the motion for summary judgment did not attack the question of damages. It only addressed the Rooker-Feldman doctrine. And so... So my understanding was that at the summary judgment stage, it's still the burden of the So do you have a case that says that if the defendants don't contest the damages aspect, that you don't have to put in that evidence? Well, it would just be under the Twombly standard, which goes back to the... On a motion to dismiss, the question is whether it's plausible that there could be emotional distress damages in this case, and... Right, but that's at a motion to dismiss, and the question as I understood it was, we're at summary judgment here, so you need to do something more than just show that it's plausible. You need some evidence that would allow somebody to conclude that it actually happened. The... I cited cases in the emotional distress section of the supplemental brief that under... I think it was under the abuse of process type issue that says that you can... You do not have to allege... How do I say this? Like that you went to a psychologist or that you... The number of hours that you lost sleep, those are in the form of general damages. And because they're general, those types of damages that crop up necessarily in an abuse of process case, and so... Let me ask you this. All of us, I think, seem to be struggling with the same issue. I gather that your point is that because the district court went off on the Ricker-Feldman issue, he really didn't focus on the issue that you're now dealing with, which is, are there Article 3 damages alleged as to any, or certainly as to two of the three plaintiffs? I gather you're now arguing that you can back up the paragraph 34 allegations, and you're giving us some examples of that. Are you asking us to send this back to the district court so that you can, if you will, fill in those blanks? Or at this point, are you stuck with the record that exists? Well, if this court finds that it's the obligation on the appellants here to prove Article 3 standing factually from an evidentiary standard, then I'd ask that the case be remanded. Because as the court can see from the record, these summary judgment motions did not attack Article 3 standing at all. And so it puts the appellants, it prejudices the appellants because what happened is now the appellants are being leveled. It wasn't even addressed. But can I just... No, go ahead. Just so I understand your argument, your first line position, and please correct me if this is wrong, is that because the statute creates a cause of action to redress intangible harms that closely resemble harms that would have been cognizable injuries at common law, like abuse of violation of that right is necessarily a concrete injury and a plaintiff doesn't need to show in some individualized way any further evidence of damage? Is that your position? Yes, there are cases that say that. I think those are cited under the abuse of process section of the supplemental brief. So I wondered whether your strongest argument on that point was defamation, because it seems like the Supreme Court in TransUnion treated defamation as sort of self-evident harm. Yeah, I agree with that, that that's probably stronger. I think when you talk about abuse of process and defamation, I think that those... I think abuse of process is very strong and defamation, because like in the TransUnion case, they talk about the 1500 or so or 1300, I forget the number, that the Supreme Court allowed those litigants to, I guess, survive the appeal on that basis. And what is your strongest argument that this is defamation? The strongest argument is that the cost memorandum is public record. And because of that, just like in TransUnion, it's defamation. And that saying someone owes money is necessarily bad for their reputation? Yes, if they owe money, that if they're delinquent on a debt, you bet. Do you want to save any of your time, counsel? Yes, unless there's any more questions, I'll reserve time. Other questions at this point? Very well. All right, let's hear from counsel for the law firm. Good morning, your honors. May it please the court, Edward Laird on behalf of the Duranger Law Group and Stephen Duranger. So with respect to the concrete harm issue that we've just been discussing, I think that here we have a memorandum of cost, which in and of itself, does not do anything to actually collect a debt. And that harm claimed by the appellate in this case, as stated in TransUnion, is really just a forward-looking type of harm. It's not anything that has happened yet. And the appellate- I'm not sure I understand that. So the filing in court does indicate that there was this unpaid debt. And so it's seeking more interest on this debt that was lingering a long time, right? And then attorney's fees. So isn't that a publicly filed document saying that the plaintiffs had debt, at the very least? It's a publicly filed document that is required by law to be served, and it does not demand payment. Okay, but it's a document that says they owe debt that's publicly filed. So why is that not defamation? Assuming it's false. Let's assume it's false for a second, because we have to figure out whether it's false. But let's assume for a moment it's false that they owe this money. Why is that not defamation? Because it's not published outside the context of a court filing. In TransUnion, for example, there was dissemination of information that was made to other third parties that had an actual effect on their ability to obtain credit or do other things. There's no such evidence of that in this case. And moreover- But in TransUnion, there was the 1,000-some-odd people in the class who this court specifically said, we have no evidence as to them about their injury, but we assume because it's defamation, they were injured, essentially, that they have standing. We have no trouble concluding that they have standing. Again, I would say that's different because of the manner of the publication, because it published to other third parties having an actual effect on the plaintiffs in that case. That is not true here, where the judgment has already been existed for over 10 years. And whatever record may have been created earlier, I'm sorry, the publication by filing of a document with the court is something that had already occurred 10 years ago. This is just a memorandum of- But this is an additional document that was filed in October that plaintiffs say is false. And so, do you have some argument that there's a case that says that a court filing isn't publication for purposes of defamation? Isn't there a common law privilege for- defamation liability for statements made in the context of litigation to the court? I'm not- I can't- Well, there is the litigation privilege, obviously, Your Honors, for statements made in court, well-recognized and existing for decades under California law. So, comments made in court or in court papers typically are privileged and you're not going to be able to sue anyone for defamation for those kind of statements being made. Just continuing along this line of concrete harm- The opinion says it doesn't have to be an exact duplicate of the common law injury. So, it may not be, strictly speaking, defamation. It may not exactly be abusive process, but it resembles a number of those things. And I guess maybe you could address the Eighth Circuit's decision in Desmarais, because the court there said that being subjected to an attempt to collect a debt that you don't owe is enough like various common law torts that if Congress creates a cause of action for it, that there is really a concrete injury there. What's wrong with that analysis? Well, looking at the Desmarais case, I agree with the decision in the Desmarais case and what the court did in that particular instance. I'm sorry, what the plaintiff's attorneys did in that case, I think, was reprehensible. A pattern of conduct used over and over again to appear at hearings, planning to not go to trial if the other side appeared, and then asking for a continuous that they, again, were not prepared for, causing actual damage to the plaintiff in that case, who went out and actually hired an attorney and was ready for the second time around in that case. And then the law firm dismissed that case the second time around and then served requests for admissions, requiring, stating, hey, you have to answer these requests for admissions in 30 days after they've dismissed the case. Counselor, it sounds to me like, in light of your responses to my colleagues' questions about what damages have occurred here, you at least claim that because of the, if you will, minor, non-intrusive nature of a memorandum of costs, that there is no damage. Opposing counsel says there is. The statute seems to assume if there's a common law analog, there is. If we arguendo conclude that the Rooker-Feldman claim does not fly here, what should we do? Should we send this back to the district court for the district court to consider in the first instance whether there is, in fact, Article III standing by any or all of the three plaintiffs? Well, I don't know why the court would decide Rooker-Feldman doesn't apply in this instance. But just arguendo, assuming just for a application here, if that happened, what should we do? Should we send this back to the district court to determine in the first instance whether there's Article III standing? Well, Your Honor, I believe that at this stage of the game, that, and the court finds that there is no concrete harm, that the whole matter should just be dismissed. Well, forgive me, you're not, either I didn't say it right or you're not hearing what I said. I said, if there's no Rooker-Feldman issue, you say there is no concrete harm, your opponent says there is, wouldn't we just send this back to the district court to determine in the first instance whether there is sufficient harm to qualify as Article III standing? It seems that on this record, Your Honor, Your Honors, this court would have the ability to make that decision itself without a need to remand. Can I ask, so playing, I'd like to get more into the procedural history here of these summary judgment motions. So I understand plaintiffs move for summary judgment. If we think that they did not have evidence of standing, they probably can't get summary judgment. But I'm wondering whether they didn't have the obligation to move for summary judgment. So I'd like to focus for a moment on your motion. Did you argue anything about standing in your summary judgment motion? The closest we came about damages, I think, in our motion, Your Honor, would be to say that the plaintiffs never took any action regarding the memorandum of cost. They did not contact the law office in regard to the memorandum of cost, implying that there simply was no damage being incurred. But so they have this allegation in the complaint about essentially emotional distress, and you never said they haven't presented evidence and discovery of their emotional distress, something like that. That exact argument was not presented in the statement of uncontroverted facts for the motion papers, Your Honor. And so what we have before us, though, is the, I mean, it was a Brooker-Feldman jurisdictional, but basically judgment was entered in your favor because the plaintiff's case was if we, there's been no, I don't think plaintiffs have said really our summary judgment motion should have been granted. So I think the only question is whether your summary judgment motion should have been granted. If we decide it shouldn't have been, are we just back to the district court? Well, again, I guess I'm going to repeat myself. That is, that's one of the options. Again, I would say on this record, the court could decide itself without needing to remand that there's not a motion for summary judgment. And I don't see the need to remand it to the court. Plaintiffs had their opportunity to present standing below. And I would just note that the motion for summary judgment was not just based on a Rooker-Feldman argument. The emotion papers in that case go through each one of the alleged violations of the FDCPA and argue to the court why they do not constitute a violation. So the summary judgment papers called for a response to the argument as the merits of each of those claims under 1692 E, F and G. In what sense was your motion partial? I think opposing counsel was calling your summary judgment motion partial. I don't think our summary judgment motion was partial at all. Maybe I misunderstood. Was it the plaintiff's motion that was partial? Yes, the plaintiff's motion was a partial summary judgment. But our motion, the law firm's motion, was for Rooker-Feldman and on the grounds that there just wasn't a communication made for the purpose of collection of a debt. And I just think here, when you're looking at concrete harm, one thing that occurred to me just, you know, last I'm thinking about it, is that in this instance, the plaintiff's fear is partially caused by their own actions. And I think that's something that could be taken into consideration as well, because it was the motion for claim of exemption and an ex parte application that both occurred. The plaintiff not attempted to contest what goes to actually the merits of the judgment itself. Had the plaintiff not done that, there never would have been a memorandum of cost. So here, their alleged fear is largely the consequence of their own action, which kind of goes to the decision in the court. And that went so far as to say, hey, look, worry about something that might happen is just not enough for a concrete harm. Do you want to say a little bit about the Rooker-Feldman and in particular, insofar as what they're complaining about is the October memorandum of costs, what state court judgment is that a challenge to? That's the eviction judgment. The original unlawful detainer judgment that was entered, I can't recall offhand the exact amount of money. It was a little over a couple of thousand dollars. But then there was a crude interest that occurred over a 10 year period of not over a long period of time before the judgment was renewed. Additional attorney's fees had been spent. Right, right. But you could, I mean, the memorandum of costs could be correct or incorrect or permissible or impermissible. Um, like regardless of the validity of the underlying 2010 judgment, right? So how, how does their challenge the memorandum of costs in any way impair or cast doubt on or challenge the judgment from years before? Because the whole bit, the whole argument against the memorandum is that the levy was satisfied, that the whole judgment had been satisfied. That's the key to everything. Their brief at page 32 admits that the crucial underlying issue in this case is whether or not the judgment had been satisfied. And the district court said, okay, we have to look at, to find out whether the judgment has been satisfied, we've got to look at whether the writ did in fact satisfy everything. And it didn't. And we know that because, uh, the, the, uh, original writ did not include interest from February to July of 2020. But that argument is justifying the October filing. It's not February. All the things you just said about whether there still was more interest or not really has no, nothing to do with challenging the February judgment. It has to do with challenging, uh, with plaintiffs, challenging the writ of execution, which under Fleming, the court said, if you're going to go that far to try to challenge the writ of execution that's been issued by the clerk of the court, then that requires us to inspect the judgment and look at the interest, whether it's, but it's not even challenging the July. It's challenging whether what was filed in October is valid. And the court never, the state court never ruled on whether what was filed in October was valid. No, the, uh, no, it didn't have to, the court didn't have to rule on whether the October memorandum was valid because the issue was whether or not the judgment had been satisfied by the levy that occurred in August prior to the memorandum. And the October filing said it was not satisfied fully. And that's why you filed the October document. But the court never ruled on that. The state court never ruled on the validity of the October claims. It, it, it didn't have to, to, to reach a decision on, on, on Rupert Feldman. Uh, and sorry, the state court, the state court, not the district court, the state court never considered the October filing. I think that's your whole point about how you never tried to enforce the October filing. Well, true. That is true. The state court never considered the October one memorandum, which gave notice to the plaintiffs that they could challenge it if they want to, and they didn't. And so if the court never evaluated the October filing, I don't know how challenging the October filing could implicitly be challenging a court ruling, which is what Rupert Feldman requires. Because the whole basis of plaintiff's claim is that they let, the levy satisfied the judgment, so the memorandum is bad. The only thing attacked by plaintiffs with the memorandum is that, hey, this judgment is already satisfied. You can't go file a memorandum of cost if a judgment is already satisfied. And in this case, the judgment was not already satisfied because the additional education had never been claimed. So your position is that so long as there are any continuing possible obligations stemming back to the original filing, that they in effect count as one great ruling, and to question the October memorandum of cost is to question the original judgment in the case. Is that your position? Not exactly. I'm saying that to question whether the October memorandum satisfied the judgment in full, that's the crux of the issue. That's how the issues were framed. Whether by the time the October memorandum was filed, the judgment had already been fully satisfied. And if the judgment was fully satisfied, then that memorandum had to be bad. If there were no funds coming from the levy, then that would be perfectly correct. If some funds came from the levy, then we would not be able to proceed on the memorandum. The law firm would have filed a new memorandum, depending on the amount of money. My colleague, whether either has additional questions of counsel. All right. Thank you very much, counsel. Your opposing counsel, Mr. Dale, has a very brief amount of discussion during my argument as well as opposing counsel about the summary judgment motions and so forth. I think that it's important for all of us to remember that strategy and filing these summary judgment motions can be, and often is, you just attack one element of the plaintiff's claim. So liability or some other sub element of liability. Sometimes you attack the whole kit and caboodle. You will attack liability. You say plaintiff can't prove damages. In this case, the record shows that the only attack by the appellees in this case were as to liability based upon lack of subject matter jurisdiction or worker Feldman. And so it would seem to me that if the law in the Ninth Circuit were to make it incumbent upon every plaintiff in every FDCPA case and others, whenever a motion for summary judgment was filed by the defense attacking just that would require the plaintiff to say, Well, we better show. Can I pause you? I think you're right about that. But what about the fact that you filed a motion? So you filed? Can you tell me about your summary judgment motion? Yes, this was a partial motion for summary judgment. And that was as to as a matter of law liability for violation of the FDCPA is established. So we just narrowed our motion only on liability. I'm wondering, though, why you didn't need to, as part of your motion, support federal jurisdiction, because that would have been supported at trial. When there was a when there was a full went when plaintiff had an absolute plaintiffs had an athlete absolute obligation to satisfy evidence showing Article three injury. But were you seeking judgment on some of the claims like you should win some of the claims only on liability? It was we were seeking an order of liability so that by the time we got to trial, we would have a jury instruction that says liability is established on these issues. The only issue is damages. Question has the plaintiff prove damages these damages. And I've done that on numerous occasions, both successfully and unsuccessfully. Let me ask my colleagues as either have additional questions. I think both counsel. We thank both counsel for your argument. In this case, the case of Brown versus during your law group is submitted.
judges: SMITH, FRIEDLAND, MILLER